United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARNELL TAYLOR,
Plaintiff,

v.

OFFICER MATTHEW KOMODA, et al.,
Defendants.

Case No. 26-cv-00692-ASK (PR)

**ORDER TO SHOW CAUSE**

Plaintiff Darnell Taylor, who is presently confined at the Metropolitan State Hospital, has filed a *pro se* complaint under 42 U.S.C. § 1983 against officials from the Vallejo Police Department ("VPD"). *See generally* Dkt. 1 ("Complaint"). Taylor alleges that the conduct of these officials, including various forms of "fraud, waste and abuse," *id.* at 2, is "affecting the conditions of [his] confinement," *id.* at 3. Taylor has also filed an Application to Proceed *In Forma Pauperis* (Dkt. 2), which the Court addresses by separate order. The Court reviews Taylor's Complaint under 28 U.S.C. § 1915A as follows.

## I. LEGAL STANDARD

Federal courts review prisoner complaints seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). When so reviewing, the Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b)(1), (2). *Pro se* pleadings are liberally construed. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988) (citations omitted).

To state a claim under Section 1983, a plaintiff must allege that a right secured by the Constitution or laws of the United States was violated and must show that such violation was

United States District Court
Northern District of California

committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

## II. DISCUSSION

### A. Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [Section 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA makes exhaustion mandatory and leaves no room for judicial discretion. *See Ross v. Blake*, 578 U.S. 632, 638–39 (2016); *see also Woodford v. Ngo*, 548 U.S. 81, 84–85 (2006) (discussing the various ways the PLRA "strengthened" the exhaustion provision). Exhaustion must precede filing suit. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (holding that a prisoner "may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed").

It appears from Taylor's Complaint that he has filed grievances with the California Office of Patients' Rights in Sacramento. *See* Complaint at 1–2. But the defendants he names are employees not of the state hospital system but of the VPD, *see id.*, and accordingly it is the VPD's administrative remedies that Taylor must exhaust if he is to satisfy the PLRA's requirement.[1] It appears that Taylor has not done so here.

### B. Failure to State a Claim

Taylor's Complaint, as currently written, is incoherent. He alleges first that "state actors [have made] efforts to extort the federal tax credits created by the disposal of my property and registered commercial asset, that was disposed of and produced a stock in the stock market that was created in my likeness and that has become a superfund." Complaint at 2–3. Next, he alleges that the Defendant officers "unjustly took the federally authorized payment and hazardous substance revolving account that had been created in my likeness . . . and have turned it into a

[1] The VPD provides a process for filing complaints. *See How to File a Complaint or Compliment*, City of Vallejo Police Department (last visited July 24, 2026), https://www.vallejopd.net/get_services/online_police_services/file_complaint_or_compliment.

hedge fund[] that they and others have been taking fraudulent and unauthorized dividen[d]s and subsidies out of at my expense." *Id.* at 3. He further alleges that such "mishandling and manipulation of these federal resources has caused a federal agency to report the problem as 'a offset balance in the immediate needs fund' as has been reported on 'fema.gov[,]'" which has "caused them to have to 'pause all new disaster assistance claims' until the fund has been put back in-balance." *Id.* And, finally, he claims that these "federalism implications have created a conflict of interest as state actors now have a financial int[e]rest in depriving me of my account" and "were also the reason for the government shutdown." *Id.*

The Court cannot make heads nor tails of this string of allegations. To start, it is not clear what Taylor's "property" or "asset[s]" were, nor how he was deprived of them, nor how "federal tax credits" were generated, nor how the government attained a "stock" or "superfund." *See id.* at 2–3. The vagueness of these core allegations precludes any reasonable inference of wrongdoing. Nor do Taylor's follow-on allegations—including that Defendants' supposed malfeasance affected the disbursement of federal disaster relief funds and caused a government shutdown—make sense or indicate any entitlement to relief. The pleading does not set forward "a short and plain statement of the claim showing that [he] is entitled to relief," as Federal Rule of Civil Procedure 8 requires. *See* Fed. R. Civ. P. 8. Accordingly, the Complaint fails to state a claim upon which relief may be granted. *See* § 1915A(b)(1).

## III. CONCLUSION

When a district court concludes that a prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (en banc), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

However, Plaintiff will be provided with one final opportunity to show cause within **twenty-eight (28) days** why this case should not be dismissed without prejudice. To avoid dismissal, Plaintiff must:

(1) aver that he exhausted VPD administrative remedies prior to filing his original Complaint, or else explain how extraordinary circumstances made such remedies

unavailable to him, *see Ross*, 578 U.S. at 643–44 (identifying “three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief”); and

(2) explain why his Complaint should not be dismissed under Section 1915A(b)(1), or else amend his Complaint to cure the deficiencies identified in this Order, *see* Section II(B), *supra*.

**Failure to reply will result in dismissal without prejudice.**

**IT IS SO ORDERED.**

Dated: July 29, 2026

AJAY KRISHNAN
United States Magistrate Judge